# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**CORRECTED**

* * * * * * * * * * * * * * * * * * * * * * *
LORETTA JACKSON, *
*
* No. 24-678V
Petitioner, * Special Master Christian J. Moran
*
v. * Filed: July 16, 2026
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * *

Wendy Cox, Siri & Glimstad LLP, Austin, TX, for petitioner;
Madylan Louise Yarc, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]**

Pending before the Court is petitioner Loretta Jackson's motion for final attorneys' fees and costs. She is awarded **$70,748.78**.

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

## I. Procedural History

Ms. Loretta Jackson ("petitioner") alleged that the measles, mumps, and rubella ("MMR") vaccine she received on September 4, 2023, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer a shoulder injury related to vaccine administration ("SIRVA"). Petition ("Pet.), filed April 29, 2024. On January 20, 2026, the parties filed a joint stipulation which the undersigned adopted as his decision on January 22, 2026. 2026 WL 508780.

On February 3, 2026, petitioner filed a motion for final attorneys' fees and costs ("Final Fees App."). The petitioner requests total attorney's fees and costs in the amount of $72,826.78, representing $41,600.90 in attorneys' fees and $6,158.95 in attorneys' costs incurred by petitioner's counsel of record at Siri & Glimstad, LLP, and $24,220.50 in attorneys' fees and $846.43 in attorneys' costs incurred by petitioner's former counsel at Downing, Allison & Jorgenson. See Final Fees App. at 3. Petitioner warrants that she personally did not incur any costs related to the prosecution of this case. Final Fees App. Ex. 19. On February 13, 2026, respondent responded to petitioner's motion with his boilerplate response. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 4. Petitioner did not file a reply.

## II. Reasonable Amount of Attorneys' Fees and Costs

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial

calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

1. Reasonable Hourly Rates

a. Siri & Glimstad, LLP

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of her counsel at Siri & Glimstad: for Ms. Wendy Cox: $430.00 per hour for work performed in 2024, $450.00 per hour for work performed in 2025, and $551.00 per hour for work performed in 2026; for Ms. Alison Haskins: $525.00 per hour for work performed in 2025. Petitioner also requests between $187.00-$227.00 per hour for paralegal work performed from 2024-2026. Final Fees App. Ex. 18. These rates are consistent with what counsel and supporting paralegals have previously been awarded for their Vaccine Program work and shall be awarded herein. See e.g., Jones v. Sec'y of Health & Human Servs., No. 25-1348V, Slip Op. 26 (Fed. Cl. Spec. Mstr. June 8, 2026); Louala v. Sec'y of Health & Hum. Servs., No. 23-1562V, 2026 WL 1735664, at *1 (Fed. Cl. May 4, 2026).

b. Downing, Allison & Jorgenson

Petitioner requests the following rates of compensation for her counsel at Downing, Allison & Jorgenson: for Mr. Andrew Downing: $445.00 per hour for work performed in 2023 and $485.00 per hour for work performed in 2024; for Ms. Ann Allison: $415.00 per hour for work performed in 2023 and $435.00 per hour for work performed in 2024; for Ms. Courtney Jorgenson: $345.00 per hour for work performed in 2023 and $375.00 per hour for work performed in 2024.

Petitioner also requests between $155.00-$175.00 per hour for paralegal work performed from 2023-2024. *Interim* Fees App. at 17. These rates are consistent with what counsel and supporting paralegals have previously been awarded for their Vaccine Program work and shall be awarded herein. See e.g., Cracraft v. Sec'y of Health & Hum. Servs., No. 20-0562V, 2024 WL 2992939, at *1 (Fed. Cl. May 9, 2024).

2. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable. Nevertheless, after reviewing the submitted billing statements, the undersigned finds that the *interim* fees require reduction for the reason stated below.

a. Siri & Glimstad, LLP

The undersigned has reviewed the submitted billing entries by petitioner's counsel of record and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, petitioner's counsel of record is awarded final attorneys' fees in the amount of **$41,600.90.**

b. Downing, Allison & Jorgenson

Upon review, the billing statements submitted by petitioner's former counsel reveal some administrative or clerical tasks. It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). Attorneys may not charge for clerical tasks because the attorney's hourly rate reflects overhead expenses, such as employing a secretary. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997).

The dichotomy between paralegal activities (billable) and clerical activities (non-billable) is often announced. However, a general principle to differentiate them is somewhat elusive. To qualify as a paralegal, a person needs special training and experience. See Impresa Construzioni Geom. Demenico Garufi v. United States, 100 Fed. Cl. 750, 768 (2011); see also Pressly v. United States, No. 18-1964, 2025 WL 1780947, at *12 (Fed. Cl. May 12, 2025). Thus, one way to categorize whether activities can be billed is to ask whether the activity required special skills.

In this case, Petitioner's former counsel billed multiple entries for clerical activities, consisting of $2,078.00 in fees that do not qualify for reimbursement. For example, processing and formatting medical records, reducing the filing size of such records, and receiving, reviewing and paying invoices for medical records. See e.g., *Interim* Fees App. Ex. A. However, these activities do not require any special training, and are thus considered clerical tasks. To be clear, there is no prohibition against performing clerical tasks; some clerical tasks, such as filing documents and organizing medical records, are essential. However, the employment of the person who can perform clerical tasks is built into the attorneys' high hourly rate as part of overhead. See Pickens v. Sec'y of Health & Human Servs., No. 17-187V, 2020 WL 414442 at *4 (Fed. Cl. Spec. Mstr. Jan. 9, 2020) (denying motion for review of a decision reducing attorneys' fees and stating "legal training is not required to notify the Court that a document is being filed"). Approximately 12.00 hours were billed for these clerical tasks; this results in a reduction of **$2,078.00**.

Petitioner's former counsel is therefore awarded *interim* attorneys' fees in the amount of **$22,142.50.**

3. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

a. Siri & Glimstad, LLP (S&G)

Petitioner's counsel of record requests a total of $6,158.95 in attorneys' costs. This amount is comprised of postage and mediation services provided by Gary Golkiewicz for 26.50 hours at $464.00 per hour for work performed in 2025, totaling $12,296. However, Mr. Golkiewicz indicated that "the parties agreed to each pay 50% of the mediator's fees and costs. Thus, each party owes $6,148.00

for services rendered to date." See Final Fees App. Ex. 22 at 1-2. Mr. Golkiewicz has been awarded his requested rate in the past. See Stuart v. Sec'y of Health & Hum. Servs., No. 16-940V, 2024 WL 3913518, at *3 (Fed. Cl. July 12, 2024). Thus, I find the overall costs requested, including the fees for mediation services to be reasonable and shall be awarded. Petitioner's counsel of record also provided sufficient documentation for all costs. See Final Fees App. Ex. 22 at 1-3. Petitioner's counsel of record is therefore awarded attorneys' costs in the amount of $6,158.95.

b. Downing, Allison & Jorgenson

Petitioner's former counsel requests a total of $846.43 in attorney's costs. This amount is comprised of the Court's filing fee, acquiring medical records, and postage. These costs are typical of Vaccine Program litigation and have been supported by the necessary documentation and are reasonable in the undersigned's experience. See *Interim* Fees App. Ex. A at 12-41. Petitioner's former counsel is therefore awarded attorneys' costs in the amount of $846.43.

## III. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows:

| | |
|---|---|
| **Siri & Glimstad, LLP** | |
| Attorneys' Fees Requested | $41,600.90 |
| (Reduction of Fees) | - |
| Attorney's Costs Requested | $6,158.95 |
| (Reduction of Costs) | - |
| **Total Attorneys' Fees and Costs (Siri & Glimstad, LLP)** | **$47,759.85** |
| | |
| **Downing, Allison & Jorgenson** | |
| Attorneys' Fees Requested | $24,220.50 |
| (Reduction of Fees) | ($2,078.00) |
| Attorney's Costs Requested | $846.43 |
| (Reduction of Costs) | - |
| **Total Attorneys' Fees and Costs (Downing, Allison & Jorgenson)** | **$22,988.93** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $47,759.85 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Wendy Cox's IOLTA account for prompt disbursement.**

2) **a lump sum in the amount of $22,988.93 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's former counsel: Downing, Allison & Jorgenson's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.